## Justice v. Justice.
(Decided Dec. 20, 1935.)

STRATTON & STEPHENSON and ROSCOE VANOVER for appellant.

E. J. PICKLESIMER for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Reversing.

The parties to this appeal were formerly husband and wife, and while that relationship existed, resided on the tract of land about which the present dispute arises, and which had been conveyed to appellant by A. E. Justice, his father.

On September 25, 1917, appellant in consideration of "love and affection and other valuable considerations" conveyed the same tract to appellee. In the granting clause it is provided, "Notwithstanding the husband retains the right and privilege to control and transact the business of said tract of land during his

natural life, does hereby sell and convey to the party of the second part, her heirs and assigns, the following described tract of land.''

Domestic troubles arose later causing a separation. Suit was brought, culminating in a divorce to the wife. On February 12, 1935, appellant filed a petition in which he alleged the conveyance to appellee, the retention therein of the privilege to control and transact the business of the tract of land during his natural life, and asserted that he was the owner of a life estate in the land and entitled to its use and occupation so long as he lives. He then asserted that appellee had been for more than twelve months and is now ''unlawfully, wrongfully and without right to do so, withholding from plaintiff the control, use and possession of said tract of land'' against his will and consent, and he asked the court to place him in possession and control.

Thereafter appellee filed answer in which she admitted that appellant had theretofore conveyed the land to her, but denied all other allegations of the petition and pleaded affirmatively (1) that at the time of the execution of the deed by appellant to her (September 25, 1917) they were living together as husband and wife, occupying the property with their children; that the intetnion of the parties was that both should, with their children, have the joint use and occupancy of the property and that they did so ''until two or three years ago'' when appellant abandoned and left the home, so occupied by herself and children. She then alleges that since the execution of the deed she had placed valuable and lasting improvements on the property, costing about $3,000, which amount was and is more than the property was worth at the time of the execution of the deed, which expenditures would not have been made, except for her belief that it was to be a permanent home for herself and children, and that her right to the property was under and by virtue of the deed.

She then alleges that after appellant abandoned her she instituted action in the Pike circuit court for divorce from plaintiff, asking alimony; that appellant filed answer and counterclaim, in which he sought restoration of the property conveyed to her by appellant, seeking a cancellation of the deed; that the court upon hearing refused a restoration and refused appellant the

right of possession, but by reason of the fact that appellee was to hold possession of the property, refused to grant her any alimony. She relied upon the judgment rendered therein as a bar, and asks that it be so adjudged as against any claimed right of appellant under his petition. The suit in equity (divorce proceedings), while made a part of the answer and counterclaim, is not filed as a part of this record.

A demurrer filed to the answer and counterclaim was overruled. Appellant replied, admitting that they were husband and wife; that the two parties were living in 'the home at the time the deed was made, but denied all other allegations of the answer, save that appellee had expended $1,700 on the improvement of the property. The appellant filed with his reply a copy of the judgment in the divorce suit, together with the petition, answer, and counterclaim, and they are before us. The reply was controverted of record

A perusal of the divorce action, such as is made a part of the pleadings, shows that on February 4, 1933, appellee filed a petition seeking a divorce from appellant on the grounds of cruel and inhuman treatment, and, alleging appellant's ability to earn money, and her lack of power to earn, and lack of income, sought alimony in the sum of $3,000. Appellant's answer and counterclaim set up cruel and inhuman treatment of him on the part of appellee, and by amendment alleged certain derelictions on her part, which he claims entitled him to divorce.

As to property rights, he then alleges the conveyance to him of the property in dispute by his father; that on the date named he conveyed it to his wife for the considerations named, but that by reason of section 425 of the Civil Code of Practice he was entitled to a restoration "of all the right, title and interest acquired in said property by the plaintiff," and prayed for divorce and restoration of the property.

His then wife by replication admitted the conveyance of the property, but denied his right to have it restored to him. She then sets out that since the conveyance she had made improvements out of her own funds to the extent of $3,500.

In the divorce suit the court upon submission granted an absolute divorce to the wife. The court

recited the execution and delivery of the deed by appellant to appellee; found that she had placed lasting and valuable improvements on the land paid for out of her funds, to the amount of $1,700; that the deed was made for valuable consideration, hence "the defendant is not entitled to a restoration of the property under section 425 of the Civil Code, and therefore refuses to restore the property," and denied her alimony. To this judgment, appellant objected and excepted and was granted an appeal.

Referring to the present controversy, we find that it was transferred to the equity side of the docket, submitted on the pleadings and exhibits, the court finding (1) that the appellant had conveyed the property to appellee on October 12, 1917, for a valuable consideration; (2) that appellee had placed improvements on the property to the amount of $1,700, with the knowledge and consent of appellant; (3) that appellant retained a life estate in the deed to himself, but was not entitled to possession "owing to the relations of plaintiff and defendant." The court then adjudged the appellee entitled to a lien on the property to the extent of $1,700, with interest thereon at the rate of 6 per cent. from January 26, 1935 (seemingly the date of the divorce judgment), the lien to apply to the life estate of appellant. He ordered the real estate sold by the master commissioner, and retained the case on the docket for "the purpose of carrying out the terms of the judgment."

By a supplemental judgment, the court decreed as follows:

"That in the event the property set out and described in the original deed, directed to be sold, that a less number of acres than the whole tract brings the amount of the lien, interest and cost, then and in that event the plaintiff W. H. Justice, Jr.. shall have the possession, use and benefit of such portion of said land not sold, with remainder to the defendant, Maude Justice, her heirs and assigns."

Both parties objected and excepted to the judgment as entered, both were granted appeals, and the appellant is here on direct appeal, and the appellee has asked and has been granted a cross-appeal.

Since there were no pleadings to support so much of the judgment as declared and adjudged liens, or sought a sale of the land, subjected as it was by the judgment to the rights of the parties, as the court viewed the case, the court had no authority to adjudge the liens, nor to direct the land to be sold. A judgment must have some semblance of a pleading to support it. Humbert v. Heyburn, 240 Ky. 405, 42 S. W. (2d) 538; Wigginton's Adm'r v. Louisville Railway Co., 256 Ky. 287, 75 S. W. (2d) 1046. Here there is the total lack of such allegations (nor is there proof) as would be indispensable to a sale decree, or a declaration of liens, hence the judgment below is clearly erroneous to the extent indicated, and in those particulars must be reversed on both original and cross-appeal.

Coming now to that portion of the judgment which adjudges a life estate to appellant, we find that in the divorce action the appellant, who was the defendant therein, but who is plaintiff and appellant here, in paragraph 3 of his answer sought restoration to him, including his present possession of the real estate involved, and in which by this action he seeks to recover a life interest, but which the court in its judgment rendered therein denies, for reasons above stated. But whether or not they were sound or unsound cannot be determined in this case, since that judgment is still in force and effect, not having been reversed or otherwise modified.

In the judgment in the divorce case, the court rendering it intimated that he permitted the wife to retain possession of the property in lieu of adjudging her alimony, which he expressly declined to do, except to the extent of allowing her to retain the property that the husband had theretofore conveyed to her. The language of the judgment so intimating is as follows:

"It appearing from the record that the plaintiff has ample property upon which to live and support herself, and that she has much more property than the defendant and for this reason, the court refuses to grant her any alimony and adjudges that each party pay their own cost."

Until that judgment is in some manner set aside, it is binding upon the parties and constitutes an effectual defense to this action.

For reasons indicated, the judgment is reversed on both the original and cross-appeal, with directions to set aside the judgment and to dismiss appellant's petition.

Judgment reversed on original and on cross-appeal.